## No. 5011.

### (Court of Appeal, Parish of Orleans.)

### PEISACH BIRMAN vs. D. RAU & SON.

<hr>

Chas. Rosen for plaintiff and appellee.

J. A. Casey for defendant and appellant.

John C. Wickliffe attorney.

GODCHAUX, J.—This is a suit by an employee against his employer for the recovery of his salary for the unexpired term of a yearly employment as solicitor and collector from which he alleges he was discharged without cause and for the recovery also of his earned and unpaid

salary for the week ending Saturday, December 5th, the date of his discharge.

The answer admits the employment and the discharge and justifies the latter on the following grounds:

1. That plaintiff insulted a customer of defendant.

2. That plaintiff failed to turn over and account to defendant for five sundry collections, aggregating $5.25, made by him during the week ending December 5th.

3. That another customer, Mrs. England, placed an order with plaintiff, who, instead of reporting same to defendant, falsely represented to Mrs. England that defendant was unable to deliver the goods and advised her to purchase the goods from one Rapport, a competitor of defendant.

Defendant concedes its liability for plaintiff's claim for salary for the week ending December 5th, and consequently the judgment appealed from, which was for the full amount prayed for in plaintiff's petition, is correct to the extent of this conceded liability; and the issue on appeal is confined to the question of whether or not the dismissal of plaintiff was predicated upon ''any serious ground of complaint.''

### R. C. C., Art. 2749.

The first charge—namely, that plaintiff insulted a customer, was wholly abandoned, defendant not even attempting to adduce evidence to support it.

The second charge—namely, that plaintiff collected and failed to account for sundry collections is also untenable: (1) because the record satisfies us that the charge is not true; (2) because, even if true, it appears from defendant's own evidence that plaintiff did not conceal the fact of the collection, and was justified in retaining it as an offset to a larger sum then due him by defendant for earned and unpaid salary; (3) because, from

defendant's own testimony, it appears not only that this charge was not assigned as a ground of discharge at the time thereof, but the refusal or failure to account for the collection followed in point of time and was a necessary consequence of the dismissal.

The third ground upon which defendant seeks to justify the discharge is that plaintiff, with whom an order for defendant's goods was placed by Mrs. England, not only failed to turn said order in to defendant, but told Mrs. England that defendant was unable to fill it and advised her to purchase the goods from a competitor.

Without discussing whether or not this isolated incident, which was not at the time of the discharge assigned as the cause thereof, would, if proved, furnish sufficient ground upon which to predicate a discharge, our examination of the record satisfies us that the substance of this transaction is to the effect that Mrs. England placed with plaintiff, as the representative of defendant firm, an order for new furniture; that he immediately reported the order to the senior member of the firm, who declared that he would not accept nor fill the order, because he considered Mrs. England "a dead beat;" that not wishing to carry such an answer back to Mrs. England, particularly as Mrs. England's mother was an old customer whose patronage might thereby be forfeited, he told her that the defendant was unable to fill the order; that thereupon Mrs. England asked him if he knew of any one who sold second-hand furniture (defendant dealing in new furniture exclusively), and he gave her the name of Rapport, who dealt exclusively in such furniture, but who, in point of fact, but, unknown to plaintiff, was actually not then engaged in business at all.

These facts testified to by plaintiff are corroborated in part by Mrs. England, and are contradicted solely by the

senior member of defendant firm and then to the extent only of a denial that the England order was reported and declined; but as the receipt of the order by plaintiff is well proved and no motive suggested or established why he should not give his employers the benefit of it; and as plaintiff's testimony in all other particulars is fully corroborated, while that of the defendant partners as well as the general conduct and attitude of the firm throughout are not such as to inspire this Court with much confidence in their good faith or sense of fair dealing—the foregoing will be accepted as the true facts and upon them the Court has no hesitancy in holding that plaintiff's conduct in the transaction was such as should have earned him the commendation of his employer rather than give rise to his dismissal.

Not only are none of the grounds of dismissal assigned in the answer well taken, but it is clear from the record that the real cause of the discharge is one not assigned at all—namely, that on the day preceding the discharge plaintiff sued defendant for back salary which the latter had refused without legal right or justification to pay. Piqued and offended by a suit which the defendant by its own unreasonable conduct had forced plaintiff to institute, the latter's dismissal followed within twenty-four hours.

None of the defenses to this action are well founded, in fact or in law, and the judgment appealed from is accordingly affirmed.

May 2, 1910.

Rehearing refused May 16, 1910.

Writ denied by Supreme Court June 22, 1910.